```
              UNITED STATES DISTRICT COURT FOR THE
                  NORTHERN DISTRICT OF GEORGIA
                         ATLANTA DIVISION

DONALD CLARK WRIGHT, III,    )
                             )
     Plaintiff               )
                             )
VS.                          )
                             )Civil Acton No.: 1:21-CV-5197 MHC
BRANDON WARREN and           )
VICTOR HILL, in THEIR        )
INDIVIDUAL and OFFICIAL      )
CAPACITIES                   )
                             )
     Defendants              )
```

**COMPLAINT**

COMES NOW Plaintiff Donald Clark Wright, III, by and through his attorneys, and file this Complaint against defendants Victor Hill and Brandon Warren, in their individual and official capacities, collectively, "Defendants"). In support thereof, Plaintiffs respectfully state as follows:

**PRELIMINARY STATEMENT**

1.

This is an action by Plaintiff asserting claims for violation of his civil rights under 42 U.S.C. § 1983, violation of the Georgia Constitution, and pendent Georgia state law claims.

**PARTIES**

**Plaintiff**

2.

Plaintiff Donald Clarke Wright, III is resident of Butts County, Georgia.

**Defendants**

3.

Defendant Victor Hill is the elected Sheriff of Clayton County and, upon information and belief, is a resident of Clayton County, Georgia. As Sheriff, Defendant Hill is directly responsible for the daily management, administration, and operation of the Clayton County Sheriff's Office at all times relevant to this Complaint. In Defendant's capacity as Sheriff, he has caused, created, participated in, authorized, condoned, ratified, approved, and/or knowingly acquiesced in the customs or policies that led to the constitutional violations that are the subject of this case. Sheriff Hill is sued in his official and individual capacities.

4.

At all times relevant to this complaint, Defendant Brandon Warren was a deputy sheriff of Clayton County and, upon information and belief, is a resident of Gwinnett County, Georgia. In Defendant Warren's capacity as a deputy, he has caused, created, participated in, authorized, condoned, ratified, approved, and/or knowingly acquiesced in the constitutional violations as described in this

Complaint. Defendant Warren is sued in his official and individual capacities.

## JURISDICTION AND VENUE

5.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 because the action arises under and is brought under the Civil Rights Act of 1871, 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution. The Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367 because they are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

6.

Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because at least one Defendant resides in this judicial district. This District also is an appropriate venue for this action under 28 U.S.C. § 1391(b)(2) because all or at least a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district.

## FACTUAL BACKGROUND

7.

On December 24, 2019, Plaintiff Wright was driving a vehicle being pursued by Clayton County Sheriff's deputy Brandon Warren.

8.

Brandon Warren was acting within the course and scope of his employment by the Clayton County Sheriff's department.

9.

Plaintiff Wright's vehicle became disabled after striking a sign at or near 5320 Phillips Road in Clayton County, Georgia.

10.

Plaintiff Wright did not have a gun or any other weapon in his possession.

11.

Defendant Warren's vehicle arrived near Plaintiff Wright's vehicle, parking in a position behind Defendant Wright's vehicle.

12.

Plaintiff Wright exited his vehicle and ran away from his vehicle and Defendant Warren.

13.

Plaintiff Wright did not make any movements or noises or take any action upon exiting his vehicle to cause Defendant Warren to fear for his safety or the safety of others.

14.

Plaintiff Wright turned his back to Defendant Warren and ran away from Defendant Warren.

15.

Defendant Warren pulled his weapon and fired multiple shots at Plaintiff Wright as Plaintiff Wright fled from Defendant Warren.

16.

Plaintiff Wright was wounded by a bullet which first struck him from behind in the buttock, subsequently struck his testicle, and then exited through his scrotum.

17.

Defendant Warren claims Plaintiff Wright was holding a gun.

18.

Plaintiff Wright was captured in a nearby neighborhood by a host of law enforcement officers.  Plaintiff Wright did not have a weapon of any type or description in his possession when he was arrested.

19.

No weapon was recovered from the scene of this shooting.

20.

Upon information and belief, the GBI investigated this shooting.

21.

The GBI investigation did not discover or recover a firearm or any other weapon at the scene.

22.

Plaintiff was severely injured as a result of this shooting.

23.

Defendant Warren's actions in using deadly force against Plaintiff Wright, who did not possess a weapon and who did not pose an imminent threat of serious bodily injury to Defendant Warren or any other person, were unlawful.

24.

Defendant Warren knew, or a reasonable officer in his position should have known, that using deadly force in this situation violated clearly established law.

25.

Defendant Warren's violation of clearly established law caused severe injuries to Plaintiff.

26.

Defendant Victor Hill, in his official capacity as the elected Sheriff of Clayton County, has a policy or custom of using or encouraging excessive force, including the use of excessive force against people such as Plaintiff.

27.

Defendant Victor Hill is currently under indictment and faces federal criminal charges for routinely using excessive and unreasonable force against people in his custody.

28.

Defendant Hill, failed to adequately train his officers and deputies, including Defendant Warren.

29.

Defendant Hill's policy or custom, and his failure to train, were the moving force behind the violation of Plaintiff Wright's rights in this case.

## CLAIMS FOR RELIEF

## VIOLATION OF PLAINTIFFS CIVIL RIGHTS

## UNDER 42 U.S.C. § 1983

30.

Plaintiff incorporates herein and re-alleges, as if fully set forth herein, the allegations of the preceding paragraphs.

31.

Defendants have violated Plaintiff's right to be free from unreasonable searches and seizures, in violation of the Fourth and Fourteenth Amendment to the Constitution of the United States, as applied to the states and enforced through 42 U.S.C. § 1983.

## VIOLATION OF PLAINTIFF'S CIVIL RIGHTS UNDER THE GEORGIA CONSTITUTION

32.

Defendants have violated Plaintiff's right to be free from unreasonable searches and seizures, in violation of Article 1, Section 1, Paragraph XIII of the Georgia Constitution.

33.

Defendants have violated Plaintiff's right to not be abused while being arrested or while under arrest under Article 1, Section 1, Paragraph XVII of the Georgia Constitution.

**VIOLATION OF STATE LAW**

34.

Defendant Warren's actions amount to a battery under Georgia state law.

**PRAYER FOR RELIEF**

Defendants' violations of Plaintiff's constitutional rights, and their violations of law of the State of Georgia, have caused Plaintiff's injuries. Plaintiff seeks a trial by jury of 12 for all issues so triable. Plaintiff seeks all damages available under Federal and Georgia law, including but not limited to:

1. Compensatory damages for medical expenses
2. Damages for general pain and suffering, past, present and in the future.
3. Damages for the violations of Plaintiff's rights under the Constitution of the United States of America and Georgia Constitution.
4. Such other and further relief as this Court may deem just and proper.

This 21st day of December, 2021.

                COWSERT HEATH LLP
                ATTORNEYS FOR PLAINTIFF

                By: /s/William S. Cowsert
                    William S. Cowsert
                    Georgia Bar No.: 192259

[signatures continued on following page]

By: /s/Joseph D. Stephens
Joseph D. Stephens
Georgia Bar No.: 719383

P.O. Box 627
Athens, Georgia 30603
(706)543-7700
bill.cowsert@cowsertheath.com
joe.stephens@cowsertheath.com