UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONALD CLARK WRIGHT, III,<br><br>    Plaintiff<br><br>VS.<br><br>BRANDON WARREN and<br>VICTOR HILL, in THEIR<br>INDIVIDUAL and OFFICIAL<br>CAPACITIES<br><br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Acton No.: 1:21-CV-5197<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**Brief in Opposition to Motion to Dismiss**

COMES NOW Plaintiff Donald Clark Wright, III, by and through his attorneys, and file this Brief in Response to Defendants' Motion to Dismiss, respectfully showing as follows:

**I. Introduction**

This case arises of Brandon Warren's unlawful shooting of Donald Clarke Wright, III. Mr. Wright was unarmed (Doc. 1, paragraph 10). Mr. Wright made no movements and took no action upon exiting his vehicle to cause Mr. Warren to fear for his safety or the safety of others. (Id. at 13) Mr. Wright turned his back and ran away from Defendant Warren. (Id. at 14). Mr. Wright did not pose an imminent threat of serious bodily injury to Defendant Warren or any other person. (Id. at 23.) Nevertheless, Defendant Warren drew his weapon, and made the decision to fire multiple rounds at Mr. Wright as he was running away, striking him in the

1

buttock, testicle, and scrotum. (Id. at 14-16.) The GBI's investigation of this shooting determined Mr. Wright did not have a weapon. (Id. at 20-21). Defendant Warren has now claimed Mr. Wright was holding a gun. (Id. at 17 ("Defendant Warren claims Plaintiff Wright was holding a gun.")) Plaintiff does not assert in his complaint that Defendant Warren "believes" Mr. Wright actually possessed a weapon of any type, as asserted by Defendants. Moreover, Plaintiff does not assert that Defendant Warren was forced to make a "spilt second decision," as asserted by the Defendants. (Doc.5-1, page 10.) Quite the opposite, Mr. Wright never possessed a weapon of any type, and never made any movements or gestures to cause Defendant Warren to fear for his safety or the safety of others. (Doc. 1, paragraphs 10; 13.)

## II. Standard of Review

A motion to dismiss under Fed. R. Civ. P. 12(b) should be granted only where it appears beyond doubt that plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Plaintiff's factual allegations must be accepted as true, and court must draw all inferences in favor of plaintiff. See generally Andrx Pharm., Inc. v. Elan Corp., PLC, 421 F.3d 1227, 1232-33 (11th Cir. 2005); Hawthorne v. Mac Adjustment, 140 F.3d 1367, 1370 (11th Cir. 1998). The Court should dismiss the complaint only "[i]f upon reviewing the pleadings it is clear that the plaintiff would not be entitled to relief under any set of facts

that could be proved consistent with the allegations." Horsley v. Rivera, 292 F.3d 695, 700 (11th Cir. 2002).

III. Argument and Citation of Authority

**A. Defendants Warren is not entitled to qualified immunity in his individual capacity.**

Defendants' motion to dismiss Plaintiff's 28 U.S.C. § 1983 claims against Defendants in their individual capacities should fail. An officer is not entitled to qualified immunity if he (1) violated a constitutional right, and (2) that constitutional right was clearly established at the time. Bradley v. Benton, 10 F.4th 1232, 1238 (11th Cir. 2021). The use of excessive force in an attempt to effectuate an arrest is a violation of the Fourth and Fourteenth Amendments. Id. The use of force must be objectively reasonable. Id. And in particular, when an officer elects to use deadly force, the Court must consider whether the officer (1) "'has probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or to others' or 'that he has committed a crime involving the infliction or threatened infliction of serious physical harm'"; (2) "reasonably believes that the use of deadly force was necessary to prevent escape"; and (3) "has given some warning about the possible use of deadly force, if feasible." Id. (internal citations omitted).

In the present case, Defendant Warren's use of deadly force against Mr. Wright violated Mr. Wright's constitutional rights.

3

As alleged in the complaint, Mr. Wright was unarmed, running away, not making threatening movements or gestures, not in possession of a weapon of any type or description, and did not pose an imminent threat of injury to anyone. Nevertheless, Defendant Warren fired several shots at him, from behind, wounding him severely. This was a violation of Mr. Wright's constitutional rights. See Tennessee v. Gardner, 417 U.S. 1 (1985); see also Bradley, infra. Moreover, it is evident this right was clearly establishing at the time of this shooting.  See Tennessee v. Gardner, 417 U.S. 1 (1985); Bradley v. Benton, 10F.4th 1232, (11th Cir. 2021); Cantu v. City of Dothan, 974 F.3d 1217,1233-34 (11th Cir. 2020)(an officer violated the Fourth Amendment with obvious clarity by, without warning, shooting a non-violent suspect who had tried but failed to grab the officer's taser); Mercado v. City of Orlando, 407 F.3d 1152, 1159 (11th Cir. 2005)(an officer violated the Fourth Amendment with obvious clarity by, without warning, firing a high velocity projectile at a suspect who, though he had a knife and was threatening suicide, was non-threatening toward the officers); Samples v. Atlanta, 846 F.2d 1328, 1332-33 (11th Cir. 1988)(serious issues of fact as to excessive force when Plaintiff shot in the back).

    **B. Defendant Warren is not entitled to official immunity in his individual capacity for Plaintiff's claims under Georgia law.**

Defendants are not entitled to official immunity in their individual capacities for Defendant's claims under Georgia law. Official immunity does not apply when a jury could conclude that an officer's actions were intentional and carried out with wilfulness, malice or corruption, in violation of a known right. Gardner v. Rogers, 224 Ga. App. 165,169 (1996); see Kidd v. Coates, 271 Ga. 33, 33-34, (1999) (defining "actual intent to cause injury" as "an actual intent to cause harm to the plaintiff").

Here, taking the allegations of the complaint as true and all reasonable inferences therefrom, a reasonable jury could conclude that Defendant Warren intentionally and willfully shot Mr. Wright when Mr. Wright posed no threat to him. Moreover, it can certainly be inferred that when an officer intentionally fires his weapon at someone, he has the actual intent to cause harm to that person. Thus, Defendant is not entitled to official immunity.

**C. Defendants are not entitled to Eleventh Amendment Immunity in their official capacities.**

Plaintiff's claims against Defendants in their official capacity are not barred by Eleventh Amendment immunity.

As noted in the extensive and well-reasoned concurring opinion in Andrews v. Biggers, the Eleventh Circuit's current interpretation of the role of Georgia sheriff's and their deputies as "arms of the state" is flawed and should be reconsidered. 996 F.3d 1235, 1236 (11th Cir. 2021)(Rosenbaum, J. concurring). The

Court must consider four factors in making a determination whether a county sheriff is an "arm of the state": 1: how state law defines the entity; 2. what degree of control the state maintains over the entity; 3. where the entity derives it funds, and 4. who is responsible for judgments against the entity. Id. As Andrews correctly notes, Georgia law expressly defines sheriffs and their deputies as "county officers." Id. at 1237. Moreover, as Andrews correctly notes, county sheriffs are subject to financial control from the county governments. Id. Finally, with regard to the fourth factor, there is no Georgia law that requires the state to cover judgments against county sheriffs. Id. at 1242. Thus, the "most salient factor," the public purse of the State of Georgia, is not effected by a judgment against a county sheriff and that factor weighs against a county sheriff being considered an "arm of the state." Id. (internal citations omitted).

Here, for the same reasons cited in the concurring opinion in Andrews, the Clayton County Sheriff's Office is not an "arm of the state," and Defendants should not be entitled to Eleventh Amendment Immunity in their official capacities.

D. **Defendants are not entitled to sovereign immunity**

Defendants are not entitled to sovereign immunity from Plaintiff's state law claims. Plaintiff has asserted state law constitutional claims, in addition to a battery claim under Georgia state law. "A law authorized generally by one provision of the

6

Constitution may not contravene another provision of the Constitution." Glover v. Donaldson, 243 Ga. 479, 482 (1993). Further, Georgia courts have concluded in some instances that sovereign immunity does not bar "express constitutional rights." State Bd. of Edu. v. Drury, 263 Ga. 429, 430(1993). Finally, "[t]he violation by a [government] of a constitutional right of the citizen must by necessary implication raise a cause of action in favor of the citizen against the [government], unless some means of redress other than suit has been afforded by the legislature." Smith v. Floyd County, 85 Ga. 420, 424 (1890).

Here, sovereign immunity does not bar Plaintiff's claims. Plaintiff's claims against Defendants in their official capacity seek relief for the violation of his Georgia constitutional rights to be free from unreasonable searches and seizures, and to be free from abuse while being arrested. Plaintiff must necessarily have a cause of action against these Defendants in their official capacities to vindicate these rights.

**E. Defendant Hill should be subject to suit in his official capacity under 28 U.S.C. § 1983 as a policy maker under Monell and its progeny.**

Defendant Hill should be subject to suit in his official capacity as the Clayton County sheriff under Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694, (1978) and its progeny. First,

Sheriff Hill should be considered a county policy maker, rather than an arm of the State. See discussion of the Andrews case, infra. Further, Defendant claims in his motion that Plaintiff has failed to allege or show Defendant Hill has a policy or custom within his department of using or encouraging excessive force. (Doc. 5-1, page 16.) However, that is precisely what Defendant Hill has been indicted for in his criminal case. See United States v. Victor Hill, 1:21-CR-143-ELR-CCB (U.S. Dist. Ct. ND of Ga.) Upon information and belief, Defendant Hill has unsuccessfully moved to dismiss this case, also pending in this Court, and the case is now on track for a trial. Here, Defendant Hill, in his official capacity as Clayton County sheriff, should be subject to suit as a county policy maker, and Plaintiff has alleged sufficient facts to show an unofficial policy or practice within Sheriff Hill's department of encouraging excessive force.

## IV. Conclusion

For all the foregoing reasons, Plaintiff respectfully requests Defendants Motion to Dismiss be DENIED.

This 27th day of January, 2022.

                                COWSERT HEATH LLP
                                ATTORNEYS FOR PLAINTIFF

                                By: /s/William S. Cowsert
                                    William S. Cowsert
                                    Georgia Bar No.: 192259

[signatures continued on following page]

By: /s/Joseph D. Stephens
Joseph D. Stephens
Georgia Bar No.: 719383

P.O. Box 627
Athens, Georgia 30603
(706)543-7700
bill.cowsert@cowsertheath.com
joe.stephens@cowsertheath.com

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONALD CLARK WRIGHT, III, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| VS. | ) |
| | ) Civil Acton No.: 1:21-CV-5197 |
| BRANDON WARREN and | ) |
| VICTOR HILL, in THEIR | ) |
| INDIVIDUAL and OFFICIAL | ) |
| CAPACITIES | ) |
| | ) |
| Defendants | ) |

CERTIFICATE OF SERVICE

The undersigned, counsel for Plaintiff in the above civil action, hereby certifies that he has this day served all parties with a copy of the foregoing Brief in Opposition to Motion to Dismiss by mailing same, properly stamped and addressed as follows:

Jack R. Hancock
A. Ali Sabzevari
FREEMAN MATHIS & GARY, LLP
661 Forest Parkway
Suite E
Forest Park, Georgia 30297
**ATTORNEYS FOR DEFENDANTS**

This 27th day of January, 2022.

                            COWSERT HEATH LLP
                            ATTORNEYS FOR PLAINTIFF

                            By: /s/William S. Cowsert
                                William S. Cowsert
                                Georgia Bar No.: 192259

[signatures continued on following page]

By: /s/Joseph D. Stephens
    Joseph D. Stephens
    Georgia Bar No.: 719383

P.O. Box 627
Athens, Georgia 30603
(706)543-7700
bill.cowsert@cowsertheath.com
joe.stephens@cowsertheath.com