IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DONALD CLARK WRIGHT, III,<br><br>Plaintiff,<br><br>v.<br><br>BRANDON WARREN,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION FILE NO.:<br>1:21-CV-5197-MHC |

**PRETRIAL ORDER**

1.

There are no motions or other matters pending for consideration by the court except as noted:

**By Plaintiff: Plaintiff anticipates motions in limine. Plaintiff also requests a pretrial conference prior to trial.**

**By Defendant: Defendant anticipates filing one or more motions in limine. Defendant requests that all such motions be filed and ruled upon before the start of trial. Further, defendant requests a pretrial conference with the Court prior to trial.**

2.

All discovery has been completed, unless otherwise noted, and the court will

not consider any further motions to compel discovery. (Refer to LR 37.1B). Provided there is no resulting delay in readiness for trial, the parties shall, however, be permitted to take the depositions of any persons for the preservation of evidence and for use at trial.

**By Plaintiff: Counsel for Plaintiff anticipates taking the deposition for use at trial of Dr. Barry Zisholtz, MD.**

**By Defendant: Defendant objects to plaintiff taking the deposition of Dr. Barry Zisholtz, MD as the discovery period is closed. Moreover, plaintiff did not produce any medical records from Dr. Barry Zisholtz, MD during the course of the discovery period, either.**

3.

Unless otherwise noted, the names of the parties as shown in the caption to this Order and the capacity in which they appear are correct and complete, and there is no question by any party as to the misjoinder or non-joinder of any parties.

**The names of the parties are correct and complete.**

4.

Unless otherwise noted, there is no question as to the jurisdiction of the court; jurisdiction is based upon the following code sections. (When there are multiple claims, list each claim and its jurisdictional basis separately.)

**By Plaintiff: This Court has subject matter jurisdiction over this action**

**pursuant to 28 U.S.C. §§ 1331 and 1343 because the action arises under and is brought under the Civil Rights Act of 1871, 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution.**

**Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because at least one Defendant resides in this judicial district. This District also is an appropriate venue for this action under 28 U.S.C. § 1391(b)(2) because all or at least a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district.**

**By Defendant: Plaintiff asserts an excessive force claim under the Fourth and Fourteenth Amendments against Deputy Warren. The Court, therefore, has federal question jurisdiction over this action.**

5.

The following individually-named attorneys are hereby designated as lead counsel for the parties:

| | |
|---|---|
| **Plaintiff:** | **William S. Cowsert**<br>**Joseph D. Stephens**<br>**COWSERT HEATH LLP**<br>**P.O. Box 627**<br>**Athens, Georgia 30603**<br>**(706)543-7700** |
| **Defendant:** | **A. Ali Sabzevari**<br>**Wayne S. Melnick**<br>**Jack R. Hancock**<br>**Xander D. Melnick** |

**Freeman Mathis & Gary, LLP**
**661 Forest Parkway, Suite E**
**Forest Park, GA 30297-2257**
**(404) 366-1000 (telephone)**
**asabzevari@fmglaw.com**
**wmelnick@fmglaw.com**
**jhancock@fmglaw.com**
**xander.melnick@fmglaw.com**

6.

Normally, the plaintiff is entitled to open and close arguments to the jury. (Refer to LR39.3(B)(2)(b)). State below the reasons, if any, why the plaintiff should not be permitted to open arguments to the jury.

**By Plaintiff: The Plaintiff is entitled to open and close arguments to the jury.**

**By Defendant: None.**

7.

The captioned case shall be tried **_X_** to a jury or ___ to the Court without a jury, or ___ the right to trial by jury is disputed.

8.

State whether the parties request that the trial to a jury be bifurcated, i.e. that the same jury consider separately issues such as liability and damages. State briefly the reasons why trial should or should not be bifurcated.

**By Plaintiff: Plaintiff does not believe the trial should be bifurcated.**

**<u>By Defendant</u>: Defendant does not request bifurcation.**

9.

Attached hereto as Attachment "A" and made a part of this order by reference are the questions which the parties request that the court propound to the jurors concerning their legal qualifications to serve.

10.

Attached hereto as Attachment "B-1" are the general questions which plaintiff wishes to be propounded to the jurors on voir dire examination.

Attached hereto as Attachment "B-2" are the general questions which defendant wishes to be propounded to the jurors on voir dire examination.

Attached hereto as Attachment "B-3", "B-4", etc. are the general questions which the remaining parties, if any, wish to be propounded to the jurors on voir dire examination.

The court, shall question the prospective jurors as to their address and occupation and as to the occupation of a spouse, if any. Counsel may be permitted to ask follow-up questions on these matters. It shall not, therefore, be necessary for counsel to submit questions regarding these matters. The determination of whether the judge or counsel will propound general voir dire questions is a matter of courtroom policy which shall be established by each judge.

11.

State any objections to Plaintiff's voir dire questions: **Defendant's objections to Plaintiff's proposed voir dire follow Plaintiff's proposed voir dire in Attachment B-1.**

State any objections to Defendant's voir dire questions: **Plaintiff's objections to Defendant's proposed voir dire follow Defendant's proposed voir dire in Attachment B-2.**

State any objection to the voir dire questions of the other parties, if any: **Not applicable as there are no other parties.**

12.

All civil cases to be tried wholly or in part by jury shall be tried before a jury consisting of not less than six (6) members, unless the parties stipulate otherwise. The parties must state in the space provided below the basis for any requests for additional strikes. Unless otherwise directed herein, each side as a group will be allowed the number of peremptory challenges as provided by 28 U.S.C. § 1870. See Fed.R.Civ.P. 47(b).

**Plaintiff has requested a trial by jury of 12 in the Complaint. (Doc. 1.) Defendant consents to a trial by jury of 12.**

13.

State whether there is any pending related litigation. Describe briefly,

including style and civil action number.

**<u>By Plaintiff:</u> There is no pending, related civil litigation.**

**<u>By Defendant</u>: Defendant identifies the following pending criminal matter involving Plaintiff that stems from the subject incident with Defendant. Upon information and belief, Plaintiff is facing charges for fleeing from police, reckless driving, improper lane change, striking fixed object, hit and run, and obstruction of officer.**

1. **<u>State of Georgia v. Donald Clark Wright, III</u>, 2021CR01551 14, Superior Court of Clayton County.**

14.

Attached hereto as Attachment "C" is plaintiff's outline of the case which includes a succinct factual summary of plaintiff's cause of action and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law creating a specific legal duty relied upon by plaintiff shall be listed under a separate heading. In negligence cases, each and every act of negligence relied upon shall be separately listed. For each item of damage claimed, plaintiff shall separately provide the following information: (a) a brief description of the item claimed, for example, pain and suffering; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not

identified in this manner shall not be recoverable.

15.

Attached hereto as Attachment "D" is the defendant's outline of the case which includes a succinct factual summary of all general, special, and affirmative defenses relied upon and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law relied upon as creating a defense shall be listed under a separate heading. For any counterclaim, the defendant shall separately provide the following information for each item of damage claimed: (a) a brief description of the item claimed; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

16.

Attached hereto as Attachment "E" are the facts stipulated by the parties. No further evidence will be required as to the facts contained in the stipulation and the stipulation may be read into evidence at the beginning of the trial or at such other time as is appropriate in the trial of the case. It is the duty of counsel to cooperate fully with each other to identify all undisputed facts. A refusal to do so may result in the imposition of sanctions upon the non- cooperating counsel.

17.

The legal issues to be tried are as follows:

Plaintiff contends that the issues to be tried are as follows: **Whether the Defendant's conduct violated Fourth and Fourteenth Amendment to the United States Constitution.**

Defendant contends that the issues to be tried are as follows:

1. **Whether Defendant violated Plaintiff's Fourth and Fourteenth Amendment rights under the Constitution.**
2. **Whether Defendant is entitled to qualified immunity.**
3. **Whether Defendant caused Plaintiff's injuries and damages.**
4. **Whether Defendant is liable for Plaintiff's claims of damages.**
5. **Whether Plaintiff is entitled to general compensatory damages.**
6. **Whether Plaintiff is entitled to special damages for medical expenses as set forth in his prayer for relief.**
7. **Whether Plaintiff is at fault for his injuries and/or damages.**

18.

Attached hereto as Attachment "F-1" for the plaintiff, Attachment "F-2" for the defendant, and Attachment "F-3", etc. for all other parties is a list of all the witnesses and their addresses for each party. The list must designate the witnesses whom the party will have present at trial and those witnesses whom the party may have present at trial. Expert (any witness who might express an opinion under Rule

702), impeachment and rebuttal witnesses whose use as a witness can be reasonably anticipated must be included. Each party shall also attach to the list a reasonable specific summary of the expected testimony of each expert witness.

All of the other parties may rely upon a representation by a designated party that a witness will be present unless notice to the contrary is given ten (10) days prior to trial to allow the other party(s) to subpoena the witness or to obtain the witness' testimony by other means. Witnesses who are not included on the witness list (including expert, impeachment and rebuttal witnesses whose use should have been reasonably anticipated) will not be permitted to testify, unless expressly authorized by court order based upon a showing that the failure to comply was justified.

19.

Attached hereto as Attachment "G-1" for the plaintiff, "G-2" for the defendant, and "G3", etc. for all other parties are the typed lists of all documentary and physical evidence that will be tendered at trial. Learned treatises which are expected to be used at trial shall not be admitted as exhibits. Counsel are required, however, to identify all such treatises under a separate heading on the party's exhibit list.

Each party's exhibits shall be numbered serially, beginning with 1, and without the inclusion of any alphabetical or numerical subparts. Adequate space must be left on the left margin of each party's exhibit list for court stamping

purposes. A courtesy copy of each party's list must be submitted for use by the judge.

Prior to trial, counsel shall mark the exhibits as numbered on the attached lists by affixing numbered yellow stickers to plaintiff's exhibits, numbered blue stickers to defendant's exhibits, and numbered white stickers to joint exhibits. When there are multiple plaintiffs or defendants, the surname of the particular plaintiff or defendant shall be shown above the number on the stickers for that party's exhibits.

Specific objections to another party's exhibits must be typed on a separate page and must be attached to the exhibit list of the party against whom the objections are raised. Objections as to authenticity, privilege, competency, and, to the extent possible, relevancy of the exhibits shall be included. Any listed document to which an objection is not raised shall be deemed to have been stipulated as to authenticity by the parties and shall be admitted at trial without further proof of authenticity.

Unless otherwise noted, copies rather than originals of documentary evidence may be used at trial. Documentary or physical exhibits may not be submitted by counsel after filing of the pretrial order, except upon consent of all the parties or permission of the court. Exhibits so admitted must be numbered, inspected by counsel, and marked with stickers prior to trial.

Counsel shall familiarize themselves with all exhibits (and the numbering

thereof) prior to trial. Counsel will not be afforded time during trial to examine exhibits that are or should have been listed.

**Subject to the Court's approval, the Parties agree to a physical exchange of exhibits fourteen (14) days before the first day of trial and may amend their list of exhibits until that time, and any objections to exhibits or documentary evidence shall be raised within seven (7) days prior to the first day of trial.**

**Defendant's objections to Plaintiff's exhibit list follow Plaintiff's Exhibit List in Attachment G-1.**

20.

The following designated portions of the testimony of the persons listed below may be introduced by deposition:

**By Plaintiff: Deposition testimony of Brandon Warren, including any exhibits thereto, redacted for personal information, including but not limited to birthday and home address. Further, any other deposition taken before or during trial, in whole or in part.**

**By Defendant: Defendant reserve the right to use deposition testimony of Brandon Warren and Donald Clark Wright III and exhibits thereto as provided under Rule 32. Defendant objects to Plaintiff's use of the deposition testimony of Brandon Warren, including exhibits thereto, unless same is used consistent with Rule 32 and any exhibits thereto go through the appropriate**

**admissibility and authentication standards under the Federal Rules of Evidence at trial. Brandon Warren will be present at trial.**

Any objections to the depositions of the foregoing persons or to any questions or answers in the depositions shall be filed in writing no later than the day the case is first scheduled for trial. Objections not perfected in this manner will be deemed waived or abandoned. All depositions shall be reviewed by counsel and all extraneous and unnecessary matter, including non-essential colloquy of counsel, shall be deleted. Depositions, whether preserved by stenographic means or videotape, shall not go out with the jury.

**By Defendant: Defendant reserves the right to use deposition testimony and exhibits thereto as provided under Rule 32.**

21.

Attached hereto as Attachments "H-1" for the plaintiff, "H-2" for the defendant, and "H-3", etc. for other parties, are any trial briefs which counsel may wish to file containing citations to legal authority concerning evidentiary questions and any other legal issues which counsel anticipate will arise during the trial of the case. Limitations, if any, regarding the format and length of trial briefs is a matter of individual practice which shall be established by each judge.

**By Defendant: Defendant requests to file trial briefs, if any, with the Court seven (7) days prior to the first day of trial.**

22.

In the event this is a case designated for trial to the court with a jury, requests for charge must be submitted no later than 9:30 a.m. on the date on which the case is calendared (or specially set) for trial. Requests which are not timely filed and which are not otherwise in compliance with LR 51.1, will not be considered. In addition, each party should attach to the requests to charge a short (not more than one (1) page) statement of that party's contentions, covering both claims and defenses, which the court may use in its charge to the jury.

Counsel are directed to refer to the latest edition of the Eleventh Circuit District Judges Association's Pattern Jury Instructions and Devitt and Blackmar's Federal Jury Practice and Instructions in preparing the requests to charge. For those issues not covered by the Pattern Instructions or Devitt and Blackmar, counsel are directed to extract the applicable legal principle (with minimum verbiage) from each cited authority.

**<u>By Defendant</u>: Unless otherwise instructed by the Court, Defendant will submit his requested charges by 9:30 a.m. the date on which this case is called for trial.**

23.

If counsel desire for the case to be submitted to the jury in a manner other than upon a general verdict, the form of submission agreed to by all counsel shall

be shown in Attachment "I" to this Pretrial Order. If counsel cannot agree on a special form of submission, parties will propose their separate forms for the consideration of the court.

**By Plaintiff and Defendant: Unless otherwise instructed by the Court, the parties reserve the right to provide the jury with special interrogatories and/or a special verdict form and will submit same to the Court by 9:30 a.m. the date on which this case is called for trial. See Rule 49.**

24.

Unless otherwise authorized by the Court, arguments in all jury cases shall be limited to one-half hour for each side. Should any party desire any additional time for argument, the request should be noted (and explained) herein.

**By the Plaintiff: By both parties' estimates, this case will involve at least two days of evidence and testimony. Plaintiff requests that the Court grant at least an hour per side for closing arguments. Plaintiff may not use all of this time, but requests the additional time in the Court's discretion.**

**By Defendant: Defendant does not desire any additional time for argument as there are no "exceptional" issues of liability and damages. To the extent any extra time is provided to Plaintiff, Defendant requests equal time.**

25.

If the case is designated for trial to the court without a jury, counsel are directed to submit proposed finding of fact and conclusions of law not later than the opening of trial.

**Not applicable.**

26.

Pursuant to LR 16.3, lead counsel and persons possessing settlement authority to bind the parties have personally discussed the possibility of settlement of this case. The Court _X__has or ____ has not discussed settlement of this case with counsel. It appears at this time that there is:

______ A good possibility of settlement.
______ Some possibility of settlement.
___X__ Little possibility of settlement.
______ No possibility of settlement.

27.

Unless otherwise noted, the court will not consider this case for a special setting, and it will be scheduled by the clerk in accordance with the normal practice of the court.

**By the Plaintiff: Lead counsel for Plaintiff is a member of the Georgia General Assembly and will be representing the citizens of his district during the upcoming legislative session, which begins in January 2026 and ends in**

**April, 2026. Plaintiff requests a setting outside of this legislative session.**

**By Defendant: Due to Plaintiff living out of state, Defendant requests a special setting.**

28.

The Plaintiff estimates that he will require **2** days to present his evidence. The Defendant estimates that he will require **2** days to present his evidence. It is estimated that the total trial time is **4-5** days.

29.

IT IS HEREBY ORDERED that the above constitutes the pretrial order for the above captioned case ____ submitted by stipulation of the parties or ____ approved by the court after conference with the parties.

IT IS FURTHER ORDERED that the foregoing, including the attachments thereto, constitutes the pretrial order in the above case and that it supersedes the pleadings which are hereby amended to conform hereto and that this pretrial order shall not be amended except by Order of the court to prevent manifest injustice. Any attempt to reserve a right to amend or add to any part of the pretrial order after the pretrial order has been filed shall be invalid and of no effect and shall not be binding upon any party or the court, unless specifically authorized in writing by the court.

IT IS SO ORDERED this _____ day of ________________, 2025.

________________________________
MARK H. COHEN
UNITED STATES DISTRICT JUDGE

Each of the undersigned counsel for the parties hereby consents to entry of the foregoing pretrial order, which has been prepared in accordance with the form pretrial order adopted by this court.

**FREEMAN MATHIS & GARY, LLP**

*/s/ A. Ali Sabzevari*
Jack R. Hancock
Georgia Bar No. 322450
jhancock@fmglaw.com
Wayne S. Melnick
Georgia Bar No. 501267
wmelnick@fmglaw.com
A. Ali Sabzevari
Georgia Bar No. 941527
asabzevari@fmglaw.com
Xander D. Melnick
Georgia Bar No. 556228
xdmelnick@fmglaw.com
661 Forest Parkway, Suite E
Forest Park, GA 30297-2257
(404) 366-1000 (telephone)
(404) 361-3223 (facsimile)
Attorneys for Defendant

**COWSERT HEATH LLP**

*/s/ Joe Stephens*
William S. Cowsert
Georgia Bar No. 192259
bill.cowsert@cowsertheath.com
Joseph D. Stephens
Joe.stephens@cowsertheath.com
P.O. Box 627
Athens, Georgia 30603
(706) 543-7700 (telephone)
Attorneys for Plaintiff

# ATTACHMENT A

## VOIR DIRE – LEGAL QUALIFICATIONS TO SERVE

(JOINT REQUESTS - The Parties agree that in addition to what is set forth below in Attachment A, the Court shall proffer to the prospective jurors the Court's Qualifying Questions, Background Jury Questions, and Juror Questionnaire in accordance with Judge Cohen's Standing Order.)

1. Are you a citizen of the United States?

2. Are you over eighteen years of age?

3. Do you have trouble reading, writing, speaking, or understanding the English language?

4. Do you suffer from a mental or physical infirmity that would prevent you from serving on jury duty?

5. Do you currently have a criminal charge either in State or Federal court pending against you that is punishable by imprisonment for more than one year?

6. Have you ever been convicted of a crime either in State or Federal court that is punishable by imprisonment for more than one year?

7. Do you know anyone in the courtroom today?

8. Have you ever seen or heard anything this case from any source whatsoever, including any news media?

9. Do you currently live in one of the following counties: Cherokee, Clayton, Cobb, DeKalb, Douglas, Fulton, Gwinnett, Henry, Newton, or Rockdale?

10. Have you resided within Cherokee, Clayton, Cobb, DeKalb, Douglas, Fulton, Gwinnett, Henry, Newton, or Rockdale County for at least one year?

11. Do you have any mental or physical problem which might impair your ability to render satisfactory jury service in this action? Please explain.

12. Are you currently taking any medicine or drug that might impair your ability to render satisfactory jury service in this action? Please explain.

13. Has anyone already formed an opinion about this case or any of the parties in this case?

14. Is there anyone who feels, for any reason at all, that they cannot be fair and impartial if selected as a juror in this case?

**ATTACHMENT B-1**
**PLAINTIFF'S VOIR DIRE – GENERAL**

1. This case involves an incident where Defendant Brandon Warren shot Plaintiff Donald Clark Wright on December 24, 2019. Have any of you ever heard of this incident? Have you heard of either of these individuals before?

2. Are any of you acquainted with or related to any of the attorneys or employees of the law firm of Freeman, Mathis and Gary located in Atlanta, Georgia? I am interested even if you would merely recognize anyone associated with this law firm. The attorneys who are involved in the trial of this case are Jack Hancock or Ali Sabsevari?

3. Have any of you ever had any business dealings with Freeman, Mathis and Gary LLP, ever sought legal advice from any of the lawyers associated with this law firm, or even know them or any employee of their firm from anywhere, whether socially or professionally?

4. Have you or any member of your family ever worked for Victor Hill, former sheriff of Clayton County?

5. Have you or any member of your family ever worked for any part of the Clayton County government?

6. Have any of you, or has a close family member and/or friend, suffered a similar injury to Mr. Wright—a gunshot wound? If so, what medical treatment did you get?

7. Have any of you (or close family member) ever been injured by the police while being arrested? If so, please briefly describe the collision and the nature of your injury?

8. Have any of your immediate family ever studied law, engaged in the practice of law, or worked in a law office?

If so, what law office?

Type of law?

9. Do you or your immediate family have any law enforcement training or experience?

10. Do you or your immediate family have any firearm training or experience?

11. Do you or your immediate family have any accident investigation or accident reconstruction training or experience?

12. Have you or any of your immediate family ever studied medicine, engaged in the practice of medicine, or worked in a medical office?

If so, what medical office?

Type of medicine?

13. Anyone familiar with the following medical providers who may be witnesses in this case:

Dr. Barry Zisholtz?

If so, please explain how you know him?

Do you have any experience with him that was especially bad or good?

Do you have any reasons to dislike him?

14. Have you or any member of you family ever done any insurance claims work or been employed in the insurance claims business?

If so, for what company and what type of claims?

15. Does anyone walk in here with fairly strong negative feelings or beliefs about how our justice system works in this county?

16. Does anyone believe there are too many frivolous lawsuits?

17. For those who believe there are too many frivolous lawsuits, do you have a problem with someone who suffers a legitimate or serious injury coming into this court room and trying to get compensation that is a fair reflection of the injury suffered?

18. Does anyone believe that a police officer can use any amount of force on a fleeing individual, just because the person is fleeing?

19. Is there anyone here thinking, "Well, they haven't asked me the right questions, but if they only knew XXX, they would know I may not be a great juror for this case?"

If so, please let us know what that reason is.

**Plaintiff requests permission to ask additional related and follow-up questions in connection with any response given to the above questions.**

**ATTACHMENT B-1**
**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S VOIR DIRE – GENERAL**

1. Have you or any member of your family ever worked for Victor Hill, former sheriff of Clayton County?
    a. **Objections: Defendant objects on the basis that this question is irrelevant. Defendant objects to plaintiff proffering this question to the jury as it is not proper for voir dire as Sheriff Hill is not a defendant in this action, had no involvement in this case, and is no longer the Sheriff of Clayton County. Defendant further objects to plaintiff's attempt to taint the jury and/or unduly prejudice the defense with any reference to Sheriff Hill, who is a public figure and who was convicted and sentenced for constitutional violations.**
2. Anyone familiar with the following medical providers who may be witnesses in this case: Dr. Barry Zisholtz? If so, please explain how you know him? Do you have any experience with him that was especially bad or good? Do you have any reasons to dislike him?
    a. **Objections: Defendant objects to this question on the basis that Dr. Barry Zisholtz is on plaintiff's may-call witness list and he may not be called to testify in this action. Therefore, any reference to a specific medical doctor may taint the jury and/or give credence to the legitimacy of plaintiff's testimony regarding his damages before the start for trial, which is prejudicial to the defense.**
3. Have you or any member of you family ever done any insurance claims work or been employed in the insurance claims business? If so, for what company and what type of claims?
    a. **Objections: Defendant objects on the basis that this question is not proper for voir dire, is irrelevant, and improperly suggests to the jury that there is insurance coverage for any judgment awarded in this matter.**

4. Does anyone believe that a police officer can use any amount of force on a fleeing individual, just because the person is fleeing?
    a. **<u>Objections</u>: Defendant objects on the basis that this question is not proper for voir dire and contains a legal conclusion by suggesting to the jury to presume that the evidence supports plaintiff's claim that force was used solely because plaintiff was fleeing. This is also a misrepresentation of the law and constitutional standards that govern this case. This question would be unduly prejudicial.**
5. For those who believe there are too many frivolous lawsuits, do you have a problem with someone who suffers a legitimate or serious injury coming into this court room and trying to get compensation that is a fair reflection of the injury suffered?
    a. **<u>Objections</u>: Defendant objects on the basis that this question is not proper for voir dire, is irrelevant, and improperly suggests to the jury that plaintiff's lawsuit is not frivolous, that plaintiff has suffered a legitimate injury, that plaintiff's injury is serious, and that plaintiff is entitled to compensation for his alleged injuries in this case. This question would be unduly prejudicial.**

## ATTACHMENT B-2
## DEFENDANT'S VOIR DIRE – GENERAL

1. The incident in this case occurred on Tuesday, December 24, 2019 and involved a fleeing black Chevrolet Silverado in Clayton County, Georgia, at one point on Jonesboro Road, and ultimately near Lake City Elementary. Did anyone witness the incident? Or have any knowledge of the incident?

2. Is anyone here familiar with Lake City Elementary in Clayton County or New Vision Christian Church in Clayton County, Jones Memorial First United Methodist Church, or Lake City Community Park in Clayton County

3. Has anyone here ***never*** been pulled over by a law enforcement officer?

4. Has anyone here ever been involved in a lawsuit against a law enforcement officer, sheriff, or county or city involving law enforcement?

5. Has anyone here ever been charged with the crime of obstruction of an officer?

6. Has anyone here ever been involved in a use of force incident with a law enforcement officer?

7. Has any juror ever been a plaintiff or brought a lawsuit seeking to recover damages due to sustaining personal injuries? If so, please explain the nature of the suit, when it was pending, what court it was in, and when it was concluded.

8. Has any juror ever been a defendant or were sued in a lawsuit involving a claim of personal injuries? If so, please explain the nature of the suit, when it was pending, what court it was in, and when it was concluded.

9. Other than a suit involving a claim of personal injury, have any of you ever been a defendant in any lawsuit?
   (a) What kind of case?
   (b) When?
   (d) What court?
   (e) With what results?
   (f) Who was their lawyer?

10. Has any juror ever been a plaintiff or brought any lawsuit seeking to recover money because of an injury to either you or any member of your immediate family? If so, please explain the nature of the suit, when it was pending, what court it was in, and when it was concluded.

11. How many of you have ever served on a civil jury?
    (a) Where?
    (b) When?
    (c) What kind of case was it?
    (d) Reach a verdict?
    (e) Foreperson?
    (f) Anything about that case that would prevent you from rendering fair and impartial verdict in this case?

12. Anyone ever serve in the military?
    (a) Rank
    (b) Ever sit on a court martial?

13. Do any of you know each other?
    (a) Who?
    (b) How?

14. Do any of you believe that the plaintiff should be entitled to some money damages just by virtue of the fact that he is the plaintiff and brought this lawsuit?

15. Do any of you believe that there are too many lawsuits?

16. Does anyone believe that a person who brings a lawsuit such as this must just be looking to get rich?

17. Have any of you ever filed a lawsuit other than a domestic case?
    (a) What kind of case?
    (b) When?
    (c) With what results?
    (d) Who was your lawyer?

18. Have any members of your family ever filed a lawsuit other than a domestic

case?
(a) What kind of case?
(b) When?
(c) With what results?
(d) Who was their lawyer?

19. Have any of you ever had family members who were a defendant in a lawsuit?
(a) What kind of case?
(b) When?
(c) With what results?
(d) Who was their lawyer?

20. Have any of you ever been a witness in a lawsuit or trial?

21. Have you or any of your family members ever been injured or killed where you believe the injury was due to someone else's fault? If so, please describe the circumstances.

22. Do any of you have any legal training? Please give the details?

23. Have any of you ever worked for a plaintiff personal injury lawyer? Please state the name of the lawyer, the dates of your employment and the nature of your employment.

24. Does anyone here have (or have an immediate family member who has) any background or training in law enforcement? If so, whom?

25. Does anyone here have (or have an immediate family member who has) any medical training or any kind of medical background? If so, whom?

26. Does anyone here have (or have an immediate family member who has) any legal background or training? If so, whom?

27. Are there any of you who, for any reason, feel that you cannot render a fair and impartial verdict in this case based on the evidence and the law which the judge will give you in charge?

28. Does anyone here have any experience or training in medicine?

29. Does anyone here have any experience or training in providing health care services?

30. Is anyone here happy or unhappy to be here today?

31. Has any family member or close friend ever been employed by a law enforcement agency?

32. Have you had any experience with a police officer or other law enforcement personnel, or formed an opinion about police or the criminal justice system that would prevent you from being a fair juror?

33. Would someone in law enforcement be given lesser weight or credibility than another witness?

34. Does anyone believe that law enforcement officers should never use force no matter the circumstances?

35. Has anyone here or any family member or close friend been arrested by a Clayton County Police Officer or Clayton County Sheriff's Deputy?

36. Has anyone here ever sustained a bullet wound from a gun?

37. Does everyone agree that sympathy for either party would not prevent them from returning a verdict that is just under the evidence of this case?

38. Has anyone here had a bad experience with a lawyer or a lawsuit so that it has left a lingering negative impression?

Defendant requests permission to ask additional related and follow-up questions in connection with any response given to the above questions.

## ATTACHMENT B-2
## PLAINTIFF'S OBJECTIONS TO DEFENDANT'S VOIR DIRE – GENERAL

Plaintiff objects to Defendant's question number 16: Does anyone believe that a person who brings a lawsuit such as this must just be looking to get rich?
**Plaintiff objects to this question on the grounds it is argumentative and prejudicial.**

# ATTACHMENT C
# PLAINTIFF'S OUTLINE OF THE CASE

On December 24, 2019, Defendant Brandon Warren, a sheriff's deputy for Clayton County Sheriff's Department, shot Plaintiff Donald Clark Wright. Warren shot Wright from behind when he was unarmed, 15 to 20 feet away, running from Warren and approaching a cinder block wall. Warren's use of deadly force against Wright violated Wright's constitutional rights, specifically Plaintiff's right to be free from unreasonable searches and seizures, in violation of the Fourth and Fourteenth Amendment to the Constitution of the United States, as applied to the states and enforced through 42 U.S.C. § 1983.

2. Relevant Rules, Regulations, statutes and ordinances and illustrative case law creating a legal duty relied upon by Plaintiff

    a. Fourth Amendment to the United States Constitution

    b. Fourteenth Amendment to the United States Constitution

    c. 42 U.S.C. § 1983

    d. Illustrative case law

Bradley v. Benton, 10 F.4th 1232 (11th Cir. 2021)

Clawson v. Rigney, 777 F. App'x 381 (11th Cir. 2019)

Gaillard v. Commins, 562 F. App'x 870 (11th Cir. 2014)

Gilmere v. City of Atlanta, 774 F.2d 1495 (11th Cir 1985)(en banc)

Mercado v. City of Orlando, 407 F.3d 1152 (11th Cir. 2005)

Mighty v. Miami-Dade County, 659 F. App'x 969 (11th Cir. 2016)

Morton v. Kirkwood, 707 F.3d 1276, (11th Cir. 2013)

Oliver v. Fiorino, 586 F.3d 898 (11th Cir. 2009)

Perez v. Suszczynski, 809 F.3d 1213, (11th Cir. 2016)

Salvato v. Miley, 790 F.3d 1286 (11th Cir. 2015)

Samples ex rel Samples v. Atlanta, 846 F.2d 1328 (11th Cir. 1988)

Spencer v. Benison, 5 F.4th 1222 (11th Cir. 2021)

Stephens v. DeGiovanni, 852 F.3d 1298 (11th Cir. 2017)

Tennessee v. Garner, 471 U.S. 1 (1985)

3. Items of Damage Claimed by Plaintiff

   a. Damages for violation of Plaintiff's rights under the Fourth and Fourteenth Amendments

      i. At least nominal damages for violation of constitutional rights

         1. Hughes v. Lott, 350 F.3d 1157, 1162 (11th Cir. 2003)

      ii. Compensatory damages for injuries to Plaintiff

         1. Medical special damages from being shot in the buttocks, testicle and scrotum

a. $48,795.00

b. Gilmere v. City of Atlanta, 774 F.2d 1495 (11th Cir 1985)(en banc)

2. General damages for physical pain, mental pain, and emotional suffering from being shot in the buttocks, testicle and scrotum in the enlightened conscience of the jury.

a. Gilmere v. City of Atlanta, 774 F.2d 1495 (11th Cir 1985)(en banc)

These damages are in the enlightened conscience of the jury, and cannot be specifically quantified. Counsel for Plaintiff does not understand the Court's standing order to require damages such as these be specified in the pretrial order. Counsel for Plaintiff has not yet determined the amount of damages for pain and suffering he will ask the jury to award, and requests guidance from the Court as to what is required here.

iii. Punitive damages

a. Gilmere v. City of Atlanta, 774 F.2d 1495 (11th Cir 1985)(en banc)

b. Wright v. Sheppard, 919 F.2d 665, 670 (11th Cir. 1990)

c. Splunge v. Shoney's, Inc., 97 F.3d 488, 491 (11th Cir.1996)

These damages are in the enlightened conscience of the jury,

and cannot be specifically quantified. Counsel for Plaintiff does not understand the Court's standing order to require damages such as these be specified in the pretrial order. Counsel for Plaintiff has not yet determined the amount of punitive damages he will ask the jury to award, and requests guidance from the Court as to what is required here.

iv. Attorney's Fees and Expenses

1. 42 U.S.C. § 1988
2. These damages are awarded only in the Court's discretion, and only after a party prevails, and are not to be submitted to the jury. Plaintiff's attorneys fees and expenses are ongoing and cannot be quantified at this time.

# ATTACHMENT D
# DEFENDANT'S OUTLINE OF THE CASE

On December 24, 2019, Clayton County Sheriff's Deputy Brandon Warren ("Deputy Warren") was on duty when he observed a black Chevrolet Silverado equipped with an aftermarket lift kit and large 35" tires driving on I-75 South. Deputy Warren ran the vehicle's tag and the associated driver's license number through the GCIC and NCIC databases revealing multiple arrest warrant notifications and felony records from various jurisdictions, for one of the vehicle's two registered owners, plaintiff Donald Clark Wright ("Wright"). Deputy Warren recalls seeing outstanding warrants for the charges of simple battery and pointing a gun at another and felony charges of criminal attempt to commit a vehicle theft and criminal damage to property when viewing the information on Wright. Wright does not dispute that he has a criminal record and had multiple warrants out for his arrest at the time.

Deputy Warren followed Wright in his vehicle as he got off I-75 South and notified Clayton County Communications Center ("Center") of the multiple arrest warrants out for the driver. Wright does not dispute that he was aware of his outstanding warrants and that he exited the highway in an attempt to get away from Deputy Warren's vehicle. Deputy Warren continued to follow as Wright made a left turn in front of traffic into the gas station on Jonesboro Road.

Once Wright came to a stop in the back of the Chevron parking lot, Deputy Warren activated his emergency blue lights and contacted the Center to advise him of his location.

Deputy Warren approached and asked to see Wright's driver's license to which he replied that he did not have it on him. Wright informed Deputy Warren of his name, which was the same name on the outstanding warrants. Due to the nature of Wright's outstanding warrants, Deputy Warren attempted to stall Wright to allow time for back up to arrive. He told Wright that the tint on his vehicle looked dark and to hold tight while he went back to his patrol car to retrieve his tint meter. Deputy Warren returned to his vehicle, put his hand on the driver door handle, and before he could enter his vehicle, Wright decided to evade arrest by fleeing.

Wright put his truck in drive, recklessly drove through the gas station parking lot and jumped back onto Jonesboro road. Wright does not dispute that he fled the parking lot during an ongoing traffic stop to evade getting arrested. Deputy Warren got into his vehicle and called the Center to notify them that Wright had fled and that he was starting his pursuit of him onto Jonesboro Road.

Wright crossed over onto the wrong side of the road to go around vehicles and bypass traffic in reckless disregard for the safety of others. He continued to drive carelessly through a residential area at a high rate of speed as he made a

left turn onto Reynolds Road. Deputy Warren temporarily lost sight of Wright at this point when he had to use due regard and slow down to avoid a possible accident. Wright continued to drive in a manner that would place the general public at risk of receiving serious injuries as he overtook other vehicles while he accelerated uphill on Phillips Road through a residential neighborhood with a posted speed limit of 35 mph. Deputy Warren continued his pursuit of Wright who was considered a fleeing felony suspect at this point, but had to slow down to safely see oncoming traffic and temporarily lost sight of Wright as he continued recklessly over the hill.

Wright raced up the hill and had gotten to the other side when he lost control of his vehicle near Lake Side Elementary School ("Lake Side Elementary"). He continued to be an eminent threat of danger to others as he drove over a sidewalk, collided into a street sign and wrecked his vehicle by ultimately crashing into a curb on the right side. Wright's tire was dislodged in the accident causing his vehicle to come to a complete stop. Wright tried to continue fleeing but couldn't get the gas to work when he attempted to drive off. Wright did not realize it at the time, but his vehicle had become inoperable.

Deputy Warren arrived on the other side of the hill to find Wright's wrecked vehicle resting on the other side of the road in between Lake Side Elementary and a church. Deputy Warren testified that the tire marks in the grass

illustrated to him that Wright traveled over the curb, over the sidewalk, hit a sign, and continued off the curb and back onto another curb until his vehicle came to a rest.

Deputy Warren exited his patrol vehicle, positioned himself on the front quarter panel of the driver's side towards the front of the vehicle, and drew his service weapon. According to Wright, once Wright realized that he was not going to be able to get away using his truck, he grabbed his Airpods and his iPhone and opened the door. As Wright was fumbling with the door, he saw Deputy Warren to his left with his service weapon pointed in his direction "telling [him] to like get back in the car or something." Deputy Warren "shouted several times show me your hands. Hands, hands, show me your hands," but Wright didn't comply. Wright does not dispute that Deputy Warren was telling him something. Wright did not comply with Deputy Warren's commands. As Wright was exiting his vehicle, Deputy Warren continued to give him verbal commands, again yelling "[h]ands, hands, show me your hands." Wright did not comply with Deputy Warren's commands.

From where he was located, Deputy Warren observed what he believed to be a black and silver handgun in Wright's right hand and extended in his direction. Wright continued to refuse to comply with Deputy Warren's commands and instead, decided not to surrender. Believing Wright "posed a

threat of severe physical harm to" to himself and to others and that "he was an eminent threat of danger to" himself and others, he fired four shots at Wright; however, none of the shots struck Wright.

Wright began his flight on foot heading in the opposite direction towards the park. Wright does not dispute that he was running to get away from the police. Despite the real threat that Wright, a wanted felon, was armed, Deputy Warren then risked his life by giving chase. Deputy Warren was alone without any back-up, chasing Wright through a residential area surrounded by a park, a church, an elementary school and houses. Wright continued to evade arrest by running in the direction of Lake Side Elementary and a church. At one point during the pursuit on foot, Wright "turned towards [Warren's] direction" and at that time, fearing for his life, Deputy Warren fired twice at Wright using his service weapon. Wright was struck by one bullet but that did not stop him. Wright came to a wall that separated the church and Lake Side Elementary, jumped over it and vanished into the residential neighborhood.

Wright kept running, but Deputy Warren stopped, believing it was in his "best interest and officer safety [to] just wait for additional units." Wright continued to run, he went into people's backyards "to cut through to the street, and there were just like police officers everywhere." He called an Uber to come pick him up but the Uber driver told him there were too many cops to get to him.

Officers in unmarked vehicles found Wright first and instead of surrendering, Wright "sprinted away from them with [his] hands in the air and then went back into the woods." He kept running towards the street until he eventually "stopped and laid down on the ground."

Wright was arrested, taken to the hospital for treatment for one bullet wound and booked into the Clayton County Jail once he was released from the hospital shortly thereafter. He is charged with fleeing from police officer, reckless driving, improper lane change, striking fixed object – hit and run, and misdemeanor obstructing an officer.

The Clayton County Sheriff's Office Post Incident Review Board found that Deputy Warren's use of force when he discharged his county issued firearm after he perceived what he believed to be a lethal threat posed by Wright was justified. Upon the completion of an exhaustive and thorough investigation, the Clayton County District Attorney's Office concluded that there were no criminal charges to pursue against Deputy Warren, found that his use of deadly force was justified, and decided not to present the matter to the Grand Jury.

Defendant contends that his use of deadly force was objectively reasonable under the totality of the circumstances and contends that he did not violate any of Plaintiff's rights under the Fourth or Fourteenth Amendments of the Constitution. Defendant contends that he was operating all times within his

discretionary authority and is entitled to qualified immunity. Deputy Warren contends that he acted in self-defense and/or the defense of others, that he had arguable probable cause to believe that Wright posed a threat of serious physical injury to himself or others, and that Deputy Warren's use of deadly force was justified to stop an armed fleeing felony suspect. Deputy Warren further contends that Wright is at fault, or at the very least partially at fault, for his own injuries and damages. Deputy Warren contends that Wright's damages resulted from the voluntary and intentional conduct of Wright and/or the criminal conduct of Wright.

Defendant objects to Plaintiff including punitive damages and attorney's fees and expenses in Attachment C as Plaintiff has not asserted claims for attorney's fees or punitive damages in the complaint (Doc. 1) and never disclosed same in initial disclosures (Doc. 18, p. 4), and therefore, Defendant objects to Plaintiff including herein such claims as triable issues in this case. Defendant further contends that Plaintiff failed to provide any evidence in discovery to support his claim for attorney's fees. Additionally, Plaintiff fails to provide the dollar amount claimed for nominal damages, compensatory damages, general damages, punitive damages, and attorney's fees and expenses in violation of Paragraph 14 of the Pre-Trial Order, and therefore, these item of damages shall not be recoverable at the trial of this action. (See Par.

14, PTO.) Finally, Defendant objects to Plaintiff seeking separate damages awards (including line items for separate damages awards on any verdict form) for nominal damages, compensatory damages, medical special damages, and general damages.

**Relevant Rules, Regulations, Statutes, Ordinances, and Illustrative Case Law**

Wright v. Warren, No. 23-13930, 2025 WL 1409296 (11th Cir. May 15, 2025) (including cases and statutes cited therein and in the briefing on appeal).

Wright v. Warren, No. 1:21-CV-5197-MHC, 2023 WL 12087503 (N.D. Ga. Oct. 30, 2023), aff'd, No. 23-13930, 2025 WL 1409296 (11th Cir. May 15, 2025) (including cases and statutes cited therein and in the briefing on summary judgment).

Perez v. Suszczynski, 809 F.3d 1213 (11th Cir. 2016).

Crosby v. Monroe Cnty., 394 F.3d 1328 (11th Cir. 2004).

Plumhoff v. Rickard, 134 S. Ct. 2012 (2014).

Graham v. Connor, 490 U.S. 386 (1989).

McCullough v. Antolini, 559 F.3d 1201 (11th Cir. 2009).

St. George v. Pinellas Cnty., 285 F.3d 1334 (11th Cir. 2002).

Clark v. City of Atlanta, Ga., 544 F. App'x 848 (11th Cir. 2013)

Carr v. Tatangelo, 338 F.3d 1259 (11th Cir. 2003).

Garczynski v. Bradshaw, 573 F.3d 1158 (11th Cir. 2009).

Penley v. Eslinger, 605 F.3d 843 (11th Cir. 2010).

Troupe v. Sarasota Cnty., 419 F.3d 1160 (11th Cir. 2005).

Robinson v. Arrugueta, 415 F.3d 1252 (11th Cir. 2005)

McCormick v. City of Fort Lauderdale, 333 F.3d 1234 (11th Cir. 2003).

Wilson v. Miller, 650 F. App'x 676 (11th Cir. 2016).

Slattery v. Rizzo, 939 F.2d 213, 215 (4th Cir. 1991).

Thomas v. Baldwin, No. 14-50161, 2014 WL 7235529(5th Cir. Dec. 19, 2014).

Montoute v. Carr, 114 F.3d 181, 185 (11th Cir. 1997).

Tennessee v. Garner, 471 U.S. 1 (1985).

McCormick v. City of Fort Lauderdale, 333 F.3d 1234 (11th Cir. 2003).

Robinson v. Arrugueta, 415 F.3d 1252 (11th Cir. 2005)

Slattery v. Rizzo, 939 F.2d 213 (4th Cir. 1991).

Blossom v. Yarbrough, 429 F.3d 963 (10th Cir. 2005).

Thomas v. Baldwin, No. 14-50161, 2014 WL 7235529 (5th Cir. Dec. 19, 2014)

City & Cnty. of San Francisco, Calif. v. Sheehan, 575 U.S. 600 (2015).

Ashcroft v. al-Kidd, 563 U.S. 731 (2011).

Johnson v. Niehus, 491 F. App'x 945 (11th Cir. 2012).

Long v. Slaton, 508 F.3d 576 (11th Cir. 2007).

L.T. by Snorton v. Owens, No. 1:17-cv-01036-WMR, 2019 WL 11505837 (N.D. Ga. Mar. 29, 2019).

**Criminal Statutes:**

O.C.G.A. § 40-6-395(c)(3), (4), and 5(D).

O.C.G.A. § 16-10-24 (obstructing an officer)

O.C.G.A. § 40-6-390 (reckless driving)

O.C.G.A. § 40-6-395 (fleeing from police)

O.C.G.A. § 40-6-181 (speeding)

O.C.G.A. § 40-6-272 (striking a fixed object)

O.C.G.A. § 40-6-270 (hit and run)

Criminal statutes relied upon and/or cited in State of Georgia v. Donald Clark Wright, III, 2021CR01551 14, Superior Court of Clayton County.

**Self-Defense Statutes:**

O.C.G.A. § 16-3-20

O.C.G.A. § 16-3-21

O.C.G.A. § 17-4-20

**Punitive Damages:**

Kolstad v. Am. Dental Ass'n, 527 U.S. 526 (1999).

Reynolds v. CSX Transportation, Inc., 115 F.3d 860 (11th Cir.1997).

**ATTACHMENT E**
**STIPULATED FACTS**

**By the Plaintiff:** Plaintiff agrees to waive his Fifth Amendment rights at trial of this civil case, as outlined below. Plaintiff does not agree to these stipulated facts proposed by Defendant. These proposed stipulations represent a one-sided narrative of the case, are not complete, and depend almost entirely on the reader to accept the Defendant's recitation of his beliefs and observations as credible, accurate, and consistent with other evidence in the case.
Without limitting Plaintiff's objection to these proposed stipulations, Plaintiff stipulates to Defendant's proposed stipulation 1.

**By Defendant:**
Wright agrees to waive his Fifth Amendment rights at trial with respect to any questioning relating to the subject incident with Brandon Warren and/or the basis for the criminal charges against him.

Based on Defendant's Statement of Undisputed Material Facts (Doc. 38-2) and Plaintiff's Response (Doc. 43-1), the following facts are hereby stipulated:

1. On December 24, 2019, Clayton County Sheriff's Deputy Brandon Warren ("Deputy Warren") was on duty when he observed a black Chevrolet Silverado equipped with an aftermarket lift kit and large 35" tires driving on I-75 South.
2. Deputy Warren ran the vehicle's tag and the associated driver's license number through the GCIC and NCIC databases revealing multiple arrest warrant notifications and felony records from various jurisdictions, for one of the vehicle's two registered owners, plaintiff Donald Clark Wright.
3. Deputy Warren recalls seeing outstanding warrants for the charges of simple battery and pointing a gun at another and felony charges of criminal attempt to commit a vehicle theft and criminal damage to property when viewing the information on Wright.
4. At the time he was pulled over, Wright had a criminal record and had multiple warrants out for his arrest.
5. Deputy Warren followed Wright in his vehicle as he got off I-75 South and notified Clayton County Communications Center ("Center") of the multiple arrest warrants out for the driver. Wright does not dispute that

he was aware of his outstanding warrants and that he exited the highway in an attempt to get away from Deputy Warren's vehicle.

6. Deputy Warren continued to follow as Wright "made a left turn in front of traffic into the gas station on Jonesboro Road."
7. Once Wright came to a stop in the back of the Chevron parking lot, Deputy Warren activated his emergency blue lights and contacted the Center to advise him of his location.
8. Deputy Warren approached and asked to see Wright's driver's license to which he replied that he did not have it on him. Wright informed Deputy Warren of his name which was the same name on the outstanding warrants.
9. Due to the nature of Wright's outstanding warrants, Deputy Warren attempted to stall Wright to allow time for back up to arrive. He told Wright that the tint on his vehicle looked dark and to hold tight while he went back to his patrol car to retrieve his tint meter.
10. Deputy Warren returned to his vehicle, put his hand on the driver door handle and before he could enter his vehicle, Wright decided to evade arrest by sudden flight.
11. Wright fled the parking lot during an ongoing traffic stop to evade getting arrested.
12. Deputy Warren jumped into his vehicle and called the Center to notify them that Wright had fled and that he was starting his pursuit of him onto Jonesboro Road.
13. Deputy Warren arrived on the other side of the hill to find Wright's wrecked vehicle resting on the other side of the road in between Lake Side Elementary and a church. Wright traveled over the curb, the comfort curb over the sidewalk, hit a sign, and continued off the curb and back onto another curb until his vehicle came to a rest.
14. Deputy Warren exited his patrol vehicle, positioned himself "[o]n the front quarter panel of the driver's side towards the front of the vehicle," and drew his service weapon.
15. Wright does not dispute that Deputy Warren was telling him something.
16. Wright kept running, but Deputy Warren stopped, believing it was in his "best interest and officer safety [to] just wait for additional units."
17. Wright continued to run, he went into people's backyards "to cut through to the street, and there were just like police officers everywhere." He

called an Uber to come pick him up but the Uber driver told him there were too many cops to get to him. Officers in unmarked vehicles found Wright first and instead of surrendering, Wright "sprinted away from them with [his] hands in the air and then went back into the woods." He kept running towards the street until he eventually "stopped and laid down on the ground."

18. Wright was arrested, taken to the hospital for treatment and booked into the Clayton County Jail once he was released from the hospital. He is charged with fleeing from police officer, reckless driving, improper lane change, striking fixed object – hit and run, and misdemeanor obstructing an officer.

19. The Clayton County Sheriff's Office Post Incident Review Board found that Deputy Warren's use of force when he discharged his county issued firearm after he perceived what he believed to be a lethal threat posed by Wright was justified.

20. Upon the completion of an exhaustive and thorough investigation, the Clayton County District Attorney's Office concluded that there were no criminal charges to pursue against Deputy Warren, found that his use of deadly force was justified, and decided not to present the matter to the Grand Jury.

**ATTACHMENT F-1**
**PLAINTIFF'S WITNESSES**

The Plaintiff will have at trial:

a. Donald Clark Wright

The Plaintiff may have at trial:

2. Brandon Warren
3. Laurie Wright
4. Jamal Shedrick
5. Dr. Barry Zisholtz, MD
6. Major T. Griffin, Clayton County Sheriff's Office
7. Lt. J. Parrish, Clayton County Sheriff's Office
8. Victor Hill, former sheriff of Clayton County
9. Lt. Tony Griffin
10. Officer in charge Keith Kendrick of the Jonesboro Police Department
11. Clyde Coleman
12. Jimmie Arnold
13. Kim Cuong
14. Thang Tran
15. Sebastian Baca

16. Guadalupe Baca

17. Thu Vu

18. Anh Nguyen

19. Huy Ngo

20. Alicia Morales

21. Special Agent Keisha Morris GBI

22. Marie Louis

23. L. Dollar of the GSP

24. A. Forrest of the GSP

**ATTACHMENT F-2**
**DEFENDANT'S WITNESSES**

Defendant will have present at trial:

1. Brandon Warren

Defendant may have present at trial:

2. Donald Clark Wright, III

3. Clayton County Sheriff's Office Lieutenant Tony Griffin, Jr.

4. Clayton County Sheriff's Office Captain Evans

5. Clayton County Sheriff's Office Lieutenant Justin Parrish

6. Clayton County Sheriff's Office Captain Eddie Cross

7. Forest Park Police Department Officer Jimmie Arnold

8. Jonesboro Police Department Officer Keith Kendrick

9. Wanda Roberts

10. Alicia Morales

11. Santiago Sarahona

12. Huy Quang Ngo

13. Thang Tran

14. Kim Cuong

15. Anh Nguyen

16. GBI Special Agent Jamal Shedrick

17. GBI Special Agent Josh Ellis
18. GBI Special Agent Lynn Coody
19. GBI Criminal Intelligence Analyst Keesha Norman
20. Tash Mosley, Clayton County District Attorney's Office
21. Brian Busch, Clayton County District Attorney's Office
22. Kimberly Arnzen, Clayton County District Attorney's Office
23. Bonnie K. Smith, Clayton County District Attorney's Office
24. Nick Reonas, POST Certification Auditor of Certification and Training Standard
25. GSPC L. Dollar
26. Marie Delia Louis
27. Kashell William, WellStar Atlanta Medical Center South Hospital
28. Luke Smith, Atlanta Medical Center
29. Dr. Barry Zisholtz
30. Dr. Madan Sashi
31. Dr. Zahirabbas A Momin, WellStar
32. Dr. Luke D. Smith, WellStar
33. Dr. Dhruti M. Patel, M.D., WellStar
34. Sara Kurtz, Breathe Life Healing Center
35. Steven Karp, Breathe Life Healing Center

36. Pamela Chapman, Breathe Life Healing Center
37. Cobb County Police Officer James Amica
38. Ashley Roberts
39. Shaina Gryctz
40. Jake Withers
41. Samantha Murph
42. Chatham County Police Officer Jose Albinodieppa
43. Chatham County Police Officer Tyler Thorne
44. Payton Horton
45. Ashley Marie Roberts
46. Wanda Lee Roberts
47. Madline Human
48. Officer Morgan Lee
49. Kennesaw Police Department Officer Amica
50. Any witness necessary for impeachment
51. Any witness necessary for rebuttal.

Defendant objects to Plaintiff calling as a witness at trial any treating physicians, medical providers, emergency medical technicians or any other persons not specifically identified herein by name. Defendant further objects to Plaintiff calling as a witness anyone not previously disclosed by name in Plaintiff's responses to

Defendant's interrogatories or in Plaintiff's initial disclosures. Defendant further objects to the including of Victor Hill as a witness at trial on the grounds that his testimony would be irrelevant. Defendant may also be prejudiced by the presence of Sheriff Hill at trial, as he is a public figure who was convicted and sentenced for constitutional violations unrelated to this case.

**ATTACHMENT G-1**
**PLAINTIFF'S PHYSICAL AND DOCUMENTARY EVIDENCE**

1. HR File Brandon Warren (Defendant's Bates Stamp 429-598)
2. IA File 2019 (Defendant's Bate Stamp 820-937)
3. Portion of GBI File Documents (Defendant's Bate Stamp 1-247, 250-257,260-275, 284-304)
4. GBI File "Photos" File Produced by Defendant
5. GBI "Photos1" File Produced by Defendant
6. GBI "Video and Audio" File Produced by Defendant
7. GBI "Video and Audio1" File Produced by Defendant
8. Certified Wellstar Medical Records
9. Clayton County Fire and Emergency Services Pre-Hospital Care Report
10. Brandon Warren Post Report (Defendant Bates Stamp 938-941)
11. Brandon Warren Testimony in Athens-Clarke County (Defendant's Bates Number 325-336).
12. Brandon Warren's Responses to Defendant's First Interrogatories
13. Brandon Warren's Responses to Defendant's First Request for Production of Documents
14. Deposition Transcript of Brandon Warren, and any exhibits thereto

15. Certified Disposition of Cobb County Charges

16. Video Footage of Plaintiff's arrest from Lake City Police Department

**ATTACHMENT G-1**
**DEFENDANT'S OBJECTIONS TO PLAINTIFFS' LIST OF DOCUMENTARY AND PHYSICAL EVIDENCE**

1. HR File Brandon Warren (Defendant's Bates Stamp 429-598)
   a. **Objections:** Defendant objects to this exhibit on the basis that it is irrelevant, hearsay, and not authenticated.

2. IA File 2019 (Defendant's Bate Stamp 820-937)
   a. **Objections:** Defendant objects to the GBI records attached to the IA file as hearsay and not authenticated. Defendant does not object to Bates Stamp 820-834.

3. Portion of GBI File Documents (Defendant's Bate Stamp 1-247, 250-257,260-275, 284-304)

   a. **Objections:** Defendant objects to the GBI records as hearsay and not authenticated.

9. Clayton County Fire and Emergency Services Pre-Hospital Care Report

   b. **Objections:** Defendant objects on the grounds of hearsay and not authenticated.

8. Brandon Warren Post Report (Defendant Bates Stamp 938-941)

   a. **Objections:** Defendant objects on the grounds of hearsay, relevance, and not authenticated.

11. Brandon Warren Testimony in Athens-Clarke County (Defendant's Bates Number 325-336).

   a. **Objections: Defendant objects to the use of any testimony in a manner not permitted under Rule 32 and/or for any reason other**

**than impeachment. Defendant objects on the basis of hearsay. Barndon Warren will be present at trial.**

13. Brandon Warren's Responses to Defendant's First Request for Production of Documents

a. **No objections as Plaintiff's Exhibit contains only the written responses and not any documents or records provided therewith. Defendant objects to the plaintiff utilizing this exhibit as a basis to introduce all records produced by Defendants in discovery.**

17. Deposition Transcript of Brandon Warren, and any exhibits thereto

a. **<u>Objections</u>: Defendant objects to the use of any deposition testimony in a manner not permitted under Rule 32. Defendant objects to the exhibits on the basis of lack of foundation, hearsay, and authenticity. Defendant reserves the right to further object prior to trial.**

**ATTACHMENT G-2**
**DEFENDANT'S PHYSICAL AND DOCUMENTARY EVIDENCE**

| | |
|---|---|
| DEFENDANT'S EXHIBIT 01 | Complaint |
| DEFENDANT'S EXHIBIT 02 | Ante Litem and Spoliation Notice Dated December 21, 2020 |
| DEFENDANT'S EXHIBIT 03 | Defendant's Answer and Defenses to Plaintiff's Complaint |
| DEFENDANT'S EXHIBIT 04 | Joint Preliminary Report and Discovery Plan |
| DEFENDANT'S EXHIBIT 05 | Plaintiff's Initial Disclosures |
| DEFENDANT'S EXHIBIT 06 | Defendant's Initial Disclosures |
| DEFENDANT'S EXHIBIT 07 | Defendant's First Amended Initial Disclosures |
| DEFENDANT'S EXHIBIT 08 | Defendant's First Set of Interrogatories to Plaintiff |
| DEFENDANT'S EXHIBIT 09 | Plaintiff's Response to Defendant's First Interrogatories |
| DEFENDANT'S EXHIBIT 10 | Defendant's First Request for Production of Documents and Things to Plaintiff |
| DEFENDANT'S EXHIBIT 11 | Plaintiff's Response to Defendant's First Request for Production of Documents |
| DEFENDANT'S | Plaintiffs' First Continuing Interrogatories to Defendant |

| | |
|---|---|
| EXHIBIT 12 | |
| DEFENDANT'S EXHIBIT 13 | Defendant's Brandon Warrant's Responses and Objections to Plaintiff's First Continuing Interrogatories |
| DEFENDANT'S EXHIBIT 14 | Plaintiffs' First Request for Production of Documents to Defendant |
| DEFENDANT'S EXHIBIT 15 | Defendant Brandon Warren's Responses and Objection to Plaintiff's First Request for Production of Documents |
| DEFENDANT'S EXHIBIT 16 | Statement of Undisputed Material Facts in Support of Defendant's Motion for Summary Judgment (Doc. 38-2) |
| DEFENDANT'S EXHIBIT 17 | Plaintiff's Response to Defendant's Statement of Material Facts (Doc. 43-1) |
| DEFENDANT'S EXHIBIT 18 | Plaintiff's Amended Response to Defendant's Statement of Material Facts (Doc. 48) |
| DEFENDANT'S EXHIBIT 19 | Plaintiff's Statement of Material Facts (Doc. 43-2) |
| DEFENDANT'S EXHIBIT 20 | Defendant's Response to Plaintiff's Statement of Material Facts (Doc. 47) |
| DEFENDANT'S EXHIBIT 21 | Brandon Warren Deposition Transcript |
| DEFENDANT'S EXHIBIT 22 | Plaintiff's Exhibit 1 to Brandon Warren Deposition (Peace Officer Standards and Training Council Profile) |
| DEFENDANT'S EXHIBIT 23 | Plaintiff's Exhibit 2 to Brandon Warren Deposition (color photograph of scene) |
| DEFENDANT'S EXHIBIT 24 | Plaintiff's Exhibit 3 to Brandon Warren Deposition (color photograph of scene) |
| DEFENDANT'S | Plaintiff's Exhibit 4 to Brandon Warren Deposition (color |

| | |
|---|---|
| EXHIBIT 25 | photograph of scene) |
| DEFENDANT'S EXHIBIT 26 | Plaintiff's Exhibit 5 to Brandon Warren Deposition (color photograph of scene) |
| DEFENDANT'S EXHIBIT 27 | Plaintiff's Exhibit 6 to Brandon Warren Deposition (color photograph of scene) |
| DEFENDANT'S EXHIBIT 28 | Plaintiff's Exhibit 7 to Brandon Warren Deposition (color photograph of Brandon Warren) |
| DEFENDANT'S EXHIBIT 29 | Plaintiff's Exhibit 8 to Brandon Warren Deposition (GBI Investigative Summary – Interview of Brandon Warren) |
| DEFENDANT'S EXHIBIT 30 | Plaintiff's Exhibit 9 to Brandon Warren Deposition (Typed Written Statement of Brandon Warren) |
| DEFENDANT'S EXHIBIT 31 | Plaintiff's Exhibit 10 to Brandon Warren Deposition (Sketch of Scene by Brandon Warren) |
| DEFENDANT'S EXHIBIT 32 | Plaintiff's Exhibit 11 to Brandon Warren Deposition (Clayton County Sheriff's Office Incident Report and Supplemental Narrative dated 1/19/2020, Case no. 2020IR00154) |
| DEFENDANT'S EXHIBIT 33 | Plaintiff's Exhibit 12 to Brandon Warren Deposition (Clayton County Sheriff's Office Report dated December 24, 2019, Case no. 2020IR00154) |
| DEFENDANT'S EXHIBIT 34 | Plaintiff's Exhibit 13 to Brandon Warren Deposition (Clayton County Sheriff's Office Rules and Regulations Section 5.00 Weapons) |
| DEFENDANT'S EXHIBIT 35 | Plaintiff's Exhibit 14 to Brandon Warren Deposition (Clayton County Sheriff's Office Rules and Regulations Section 2.00 Operational Policies) |

| | |
|---|---|
| DEFENDANT'S EXHIBIT 36 | Plaintiff's Exhibit 15 to Brandon Warren Deposition (GBI Investigative Summary – Jamal Shedrick Report dated December 24, 2019) |
| DEFENDANT'S EXHIBIT 37 | Defendant's Exhibit 1 to Brandon Warren Deposition (Color photograph of scene) |
| DEFENDANT'S EXHIBIT 38 | Defendant's Exhibit 2 to Brandon Warren Deposition (Color photograph of scene) |
| DEFENDANT'S EXHIBIT 39 | Donald Clark Wright III Deposition Transcript |
| DEFENDANT'S EXHIBIT 40 | Defendant's Exhibit 1 to Donald Clark Wright III Deposition (Sketch of Scene by Donald Clark Wright III) |
| DEFENDANT'S EXHIBIT 41 | Defendant's Exhibit 2 to Donald Clark Wright III Deposition (Plaintiff's Response to Defendant's First Interrogatories) |
| DEFENDANT'S EXHIBIT 42 | Defendant's Exhibit 3 to Donald Clark Wright III Deposition (GCIC Criminal History Record) |
| DEFENDANT'S EXHIBIT 43 | Defendant's Exhibit 4 to Donald Clark Wright III Deposition (Magistrate Court of Cobb County, Warrant, Warrant No. 16-W-11975 and Police Case No. 1612-1205) |
| DEFENDANT'S EXHIBIT 44 | Defendant's Exhibit 5 to Donald Clark Wright III Deposition (Indictment, Superior Court of Clarke County, Case No. SU-21-CR-0134) |
| DEFENDANT'S EXHIBIT 45 | Defendant's Exhibit 6 to Donald Clark Wright III Deposition (ReSearchGA Docket Printout, State Court of Chatham County, STCR22-02695) |
| DEFENDANT'S EXHIBIT 46 | Defendant's Exhibit 7 to Donald Clark Wright III Deposition (ReSearchGA Docket Printout, Recorder Court of Chatham County, RCCR22-03211) |

| | |
|---|---|
| DEFENDANT'S EXHIBIT 47 | Defendant's Exhibit 8 to Donald Clark Wright III Deposition (Georgia Motor Vehicle Crash Report, Dated December 24, 2019, Agency Case no. C00674810-01) |
| DEFENDANT'S EXHIBIT 48 | Defendant's Exhibit 9 to Donald Clark Wright III Deposition (Color photograph of scene and Black Silverado) |
| DEFENDANT'S EXHIBIT 49 | Defendant's Exhibit 10 to Donald Clark Wright III Deposition (GBI Receipt for Property, Case no. 10-0166-34-20) |
| DEFENDANT'S EXHIBIT 50 | Defendant's Exhibit 11 to Donald Clark Wright III Deposition (GBI Investigative Summary regarding WellStar Atlanta Medical Center South records, Case no. 10-0166-34-20) |
| DEFENDANT'S EXHIBIT 51 | Defendant's Exhibit 12 to Donald Clark Wright III Deposition (Clayton County Sheriff's Office Internal Affairs Report, Case File 2019-A-134) |
| DEFENDANT'S EXHIBIT 52 | Defendant's Exhibit 13 to Donald Clark Wright III Deposition (Clayton County District Attorney Letter and Declination of Presentment dated December 10, 2020) |
| DEFENDANT'S EXHIBIT 53 | Defendant's Exhibit 14 to Donald Clark Wright III Deposition (Clayton County Superior Court Criminal Case Inquiry, 2021CR01551-14) |
| DEFENDANT'S EXHIBIT 54 | Defendant's Exhibit 15 to Donald Clark Wright III Deposition (Donald Clark Wright verification dated February 24, 2023) |
| DEFENDANT'S EXHIBIT 55 | Final Disposition Sentence, Superior Court of Athens-Clarke County, SU21CR0134-L |
| DEFENDANT'S EXHIBIT 56 | Final Disposition Sentence, Superior Court of Athens-Clarke County, SU18CR0041 |
| DEFENDANT'S EXHIBIT 57 | Clarke County Sheriff's Office Field Arrest Report, Case 2021-05250002 |
| DEFENDANT'S | Indictment and True Bill, Superior Court of Clayton County, SU- |

| | |
|---|---|
| EXHIBIT 58 | 21-CR-0134 |
| DEFENDANT'S EXHIBIT 59 | Petition to Enter Guilty Plea, SU-21-CR-0134 |
| DEFENDANT'S EXHIBIT 60 | Withdrawal of Not Guilty Plea and Entry of Plea of Guilty, SU-21-CR-0134 |
| DEFENDANT'S EXHIBIT 61 | State of Georgia v. Donald Clark Wright, Case No. SU-18-CR-0041, Superior Court of Athens-Clarke County, Sentencing Hearing Transcript |
| DEFENDANT'S EXHIBIT 62 | Georgia Uniform Traffic Citation, Summons and Accusation, GA 0250100, Citation Numbers: 751000650, 751000651, 751000652, and 751000653 |
| DEFENDANT'S EXHIBIT 63 | Chatham County Police Department Incident Report, Case No. CC220215035, Dated February 15, 2022 |
| DEFENDANT'S EXHIBIT 64 | Georgia Motor Vehicle Crash Report, dated April 10, 2022, Case No. CC220410025 |
| DEFENDANT'S EXHIBIT 65 | State of Georgia v. Donald C. Wright III, Arrest Warrant, County of Clarke, SU-20-CR-0155 |
| DEFENDANT'S EXHIBIT 66 | Kennesaw Police Department, Officer Report for Incident 1702-0613 |
| DEFENDANT'S EXHIBIT 67 | Kennesaw Police Department Call Detail Report, December 30, 2016 incident |
| DEFENDANT'S EXHIBIT 68 | Cobb County Sheriff's Office Inmate Recidivism for Donald Wright |
| DEFENDANT'S EXHIBIT 69 | Savannah Police Department, Reports 200521111, dated May 21, 2020 |
| DEFENDANT'S EXHIBIT 70 | Savannah Police Department, Reports 201226038, dated December 26, 2020 |

| | |
|---|---|
| DEFENDANT'S EXHIBIT 71 | Savannah Police Department, Reports 210522012, dated May 22, 2021 |
| DEFENDANT'S EXHIBIT 72 | Savannah Police Department, Reports 220608128, dated June 8, 2022 |
| DEFENDANT'S EXHIBIT 73 | Criminal Arrest Warrant, Magistrate Court of Cobb County, Warrant No. 16-W-11975 and Police Case No. 1612-1205 |
| DEFENDANT'S EXHIBIT 74 | November 3, 2017 Officer's Request for Special Conditions of Bond, prepared by Officer Morgan Lee |
| DEFENDANT'S EXHIBIT 75 | Magistrate Court of Athens Clarke County, Warrant Number MC01CRCR17-5982, Dated Number 3, 2017 for criminal damage to property 2nd degree |
| DEFENDANT'S EXHIBIT 76 | Cobb County Sheriff's Office Arrest/Booking Report dated December 31, 2019 |
| DEFENDANT'S EXHIBIT 77 | Cobb County Sheriff's Office Arrest/Booking Report dated February 13, 2017 |
| DEFENDANT'S EXHIBIT 78 | Clarke County Jail Booking Card dated January 9, 2020 |
| DEFENDANT'S EXHIBIT 79 | Clarke County Sheriff's Office Field Arrest Report, Case 2020-01090018 |
| DEFENDANT'S EXHIBIT 80 | Arrest Warrants in the Magistrate Court of Athens-Clarke County, Georgia, MC01CRCR18-0219, MC01CRCR18-0225, MC01CRCR18-0224, MC01CRCR18-0223, MC01CRCR18-0222, MC01CRCR18-0221, MC01CRCR18-0220, MC01CRCR18-0136, MC01CRCR18-0135 |
| DEFENDANT'S EXHIBIT 81 | Kennesaw Police Department, Officer Report for Incident 1612-1205 |
| DEFENDANT'S | Petition for the Adjudication of Guilt and Imposition of Sentence, |

| | |
|---|---|
| EXHIBIT 82 | Superior Court of Clarke County, SU21CR0134 |
| DEFENDANT'S EXHIBIT 83 | Cobb County Sheriff's Office Incident Report, Case No. 17-01965, and Case Supplemental Report, dated February 13, 2017, possession of marijuana arrest |
| DEFENDANT'S EXHIBIT 84 | GBI Photographs (Batch Exhibit) |
| DEFENDANT'S EXHIBIT 85 | 10-0166-34-20 Google Map.JPG |
| DEFENDANT'S EXHIBIT 86 | 10-0166-34-20 Overview.bmp |
| DEFENDANT'S EXHIBIT 87 | 50 audio and video files (to be added from Video and Audio1 Folder of GBI File_ Case No. 10-0166-34-20) and 85 audio and video files (to be added from Video and Audio Folder of GBI File_ Case No. 10-0166-34-20) (Batch Exhibit) |
| DEFENDANT'S EXHIBIT 88 | Buckeye Recovery Network Records |
| DEFENDANT'S EXHIBIT 89 | Georgia Department of Juvenile Justice Records |
| DEFENDANT'S EXHIBIT 90 | Breathe Life Healing Center Records |
| DEFENDANT'S EXHIBIT 91 | DJJ Educational Records |
| DEFENDANT'S EXHIBIT 92 | WellStar ATL Medical Records |
| DEFENDANT'S EXHIBIT 93 | North Beach Bar and Grill, LLC Records |
| DEFENDANT'S | Young Harris Education Records |

| | |
|---|---|
| EXHIBIT 94 | |
| DEFENDANT'S EXHIBIT 95 | Faith Academy Education Records |
| DEFENDANT'S EXHIBIT 96 | Valdosta State Education Records |
| DEFENDANT'S EXHIBIT 97 | UGA Education records |
| DEFENDANT'S EXHIBIT 98 | South Georgia Tech Education Records |
| DEFENDANT'S EXHIBIT 99 | South Rock Christian School Education Records |
| DEFENDANT'S EXHIBIT 100 | Carrolton Police Department Incident Report, Case 20041326, incident date April 26, 2020 |
| DEFENDANT'S EXHIBIT 101 | Bubba Gumbo's, LLC Employment Records |
| DEFENDANT'S EXHIBIT 102 | VN Pho Vietnamese Restaurant Surveillance Video from GBI File |
| DEFENDANT'S EXHIBIT 103 | Crash Data Retrieval Report from vehicle driven by Donald Wright attached to GBI file. |
| DEFENDANT'S EXHIBIT 104 | Police Radio Traffic |
| DEFENDANT'S EXHIBIT 105 | CAD Report |
| DEFENDANT'S EXHIBIT 106 | EMS Trip Report |
| DEFENDANT'S | GBI Evidence Receipt – Officer Warren Firearm (Warren 1) |

| | |
|---|---|
| EXHIBIT 107 | |
| DEFENDANT'S EXHIBIT 108 | GBI Evidence Receipt Coleman – Shoe (Warren 2) |
| DEFENDANT'S EXHIBIT 109 | GBI Evidence Receipt Wright – Clothing (Warren 3) |
| DEFENDANT'S EXHIBIT 110 | GBI Evidence Submission Log – Firearm (Warren 4-5) |
| DEFENDANT'S EXHIBIT 111 | Clayton County Sheriff's Office IA File, Case No. 2019-IA-134 |
| DEFENDANT'S EXHIBIT 112 | Accusations filed June 7, 2022 in State of Georgia v. Wright, 2021CR01551-14, Superior Court of Clayton County |
| DEFENDANT'S EXHIBIT 113 | Not Guilty Plea filed January 22, 2022 in State of Georgia v. Wright, 2021CR01551-14, Superior Court of Clayton County |
| DEFENDANT'S EXHIBIT 114 | Lake City Police Department Video Footage |
| DEFENDANT'S EXHIBIT 115 | Clayton County Sheriff's Office Report dated April 13, 2020 |

Defendant also identifies (1) any records listed by Plaintiff in attachment G-1, (2) all exhibits used by Plaintiff, and (3) all pleadings before the Court. Defendant reserves the right to amend the Exhibit List up to five (5) days before trial of this matter, including but not limited to the addition of any documents identified or produced by Plaintiff and reserves the right to submit additional documents for

impeachment purposes, as appropriate.

**ATTACHMENT G-3**
**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S LIST OF DOCUMENTARY AND PHYSICAL EVIDENCE**

Plaintiff objects to Defendant's List of Documentary and Physical Evidence as follows:

1. Items 2 through 7 on the grounds that these preliminary pleadings have been subsumed by this pre-trial order and are irrelevant to the presentation of this case.
2. Item 42 on the grounds that the full GCIC report contains information that should be excluded under F.R.E. 403 and 404, it is hearsay, and is unauthenticated.
3. Items 45 and 46 on the grounds this information is hearsay, unauthenticated, and contains information that should be excluded under F.R.E. 403 and 404.
4. Item 52 on the grounds it is hearsay.
5. Items 55-57 on the grounds this information is hearsay, unauthenticated, and contains information that should be excluded under F.R.E. 403 and 404.
6. Items 59-60 on the grounds this information is hearsay, unauthenticated, and contains information that should be excluded under F.R.E. 403 and 404.
7. Items 61-83 on the grounds this information is hearsay, unauthenticated, and contains information that should be excluded under F.R.E. 403 and 404.

8. Items 88-101 on the grounds it is hearsay, may contain information that should be excluded under F.R.E. 403 and 404 and is not relevant to any issue to be tried in our case.

9. Item 115 until Plaintiff has been afforded an opportunity to review it.

# ATTACHMENT I-1
# PLAINTIFF'S PROPOSED SPECIAL VERDICT FORM

Plaintiff reserves the right to provide the jury with special interrogatories and/or a special verdict form and will submit same to the Court by 9:30 a.m. the date on which this case is called for trial. See Rule 49.

## ATTACHMENT I-2
## DEFENDANT'S PROPOSED SPECIAL VERDICT FORM

Defendant reserves the right to provide the jury with special interrogatories and/or a special verdict form and will submit same to the Court by 9:30 a.m. the date on which this case is called for trial. See Rule 49.

# ATTACHMENT I-2
# PLAINTIFF'S OBJECTIONS TO DEFENDANT'S PROPOSED SPECIAL VERDICT FORM